UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-20586-CIV-MCALILEY
[CONSENT CASE]

URSULA F. NIETO, and other similarly
situated individuals,

        Plaintiffs,

v.

BAMBOO COLLECTIONS, INC., and
ROLANDO CHANG,

        Defendants.
_____/

## ORDER DISMISSING CASE

THIS MATTER is before the Court on the parties' Joint Motion for Judicial Approval of the Parties' Settlement Agreement and Dismissal with Prejudice [DE 14], indicating that the parties have settled Plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and attaching a copy of the Agreement, as well as Plaintiff's Response to Court Order Requiring Additional Submission. [DE 16]. The Court must engage in a review of settlements of FLSA claims:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

*Silva v. Miller*, 307 Fed.Appx 349, 351 (11th Cir. 2009). Thus, in determining whether the attorneys' fees are reasonable, the Court is not bound by any contingency fee agreement

entered into by the plaintiff with her counsel. *Id.*

Here, Plaintiff sought $22,182.80, including liquidated damages, plus attorneys' fees and costs. [DE 14, ¶ 5]. Under the proposed settlement agreement, out of a total settlement of $19,000.00, Plaintiff will receive $10,900.00, while her attorneys' will receive $7,600.00 in attorneys' fees and $500.00 in costs. [DE 14-1, p. 2; DE 16, p. 2]. Plaintiff entered into a contingency fee arrangement with her counsel, which provides that counsel will receive 40% of any recovery as attorneys' fees, plus costs. [DE 16, p. 1].

This action was filed by Plaintiff on February 21, 2011. [DE 1]. On January 26, 2012, I held a status conference at which Plaintiff represented that no action had taken place in the case, other than the issuance by Plaintiff of written discovery. Under the Scheduling Order first entered in this case, by Judge King, the parties had approximately ten months to conduct discovery. [DE 13]. When the parties consented to my presiding over the case, they sought an additional eight months for discovery. [DE 11]. This, and the docket sheet, reflect an absence of any motion practice in the case, and the failure of Plaintiff's counsel to actively advance the case.

Shortly after I held the status conference, and expressed my concern about counsel's failure to move the case forward, the parties announced a settlement had been reached. This is a straightforward FLSA action, and the few filings by Plaintiff's counsel are of a cookie cutter nature. On this record, with little documented activity in this case, $7600.00 in attorneys' fees – the equivalent of over 25 hours billed at $300/hour – is excessive. After my

review of the record, and relying upon this Court's own judgment and expertise, I find that $5,000.00 is a more reasonable attorney's fee for Plaintiff's counsel. *See Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Accordingly, it is hereby **ORDERED** that:

1. The parties' Settlement Agreement is **APPROVED** as a fair and reasonable settlement, with the modification that the total settlement amount of $19,000.00 will be apportioned as follows:

    a) $5,500.00 in attorneys' fees and costs to J.H. Zidell, P.A.

    b) $13,500.00 to Plaintiff.

2. This case is **DISMISSED WITH PREJUDICE**;

3. All pending motions not otherwise ruled upon are **DENIED AS MOOT**;

4. The Court shall retain jurisdiction to enforce the terms of the settlement agreement.

5. This case is **CLOSED**.

DONE and ORDERED in chambers in Miami, Florida this 4th day of April, 2012.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
All Counsel of Record